UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.                                        Case No: 8:09-cv-910-VMC-JSS

WELLCARE HEALTH PLANS, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for an Order Approving a Distribution Plan for the Fair Fund (Dkt. 22) and Plaintiff's Corrected Proposed Distribution Plan (Dkt. 27) ("Motion"). For the reasons that follow, the Court recommends that the Motion be granted.

## BACKGROUND

On May 18, 2009, the United States Securities and Exchange Commission ("Commission") filed this action against Wellcare Health Plans, Inc. ("Wellcare"), alleging violations of federal securities laws. (Dkt. 1.) On June 1, 2009, the Court entered a consent judgment, which permanently enjoined Wellcare from further violations of law and required Wellcare to pay one dollar in disgorgement and a civil penalty of $10 million. (Dkt. 4.) The judgment authorized the Commission to propose

a plan to distribute the funds. (Dkt. 4 at 7.) Wellcare paid the judgment into the Court's registry in four installments. (Dkts. 5–8.)

On August 13, 2019, upon the Commission's motion, the Court created a Fair Fund pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010, 15 U.S.C. § 7246 ("Fair Fund"), and appointed Miller Kaplan Arase LLP to serve as the Tax Administrator of the Fair Fund. (Dkt. 18.) Subsequently, the Court appointed Kurtzman Carson Consultants, LLC to serve as the Distribution Agent of the Fair Fund. (Dkt. 21.)

In a related action against the executives of Wellcare, the Court ordered the defendants to pay disgorgement and civil penalties to the Commission. (Dkt. 22 at 3–4.) The funds paid by the individual defendants were then transferred into the Fair Fund. (*Id.*) According to the Commission, the Fair Fund holds approximately $32 million for distribution to harmed investors. (*Id.*)

On this Motion, the Commission moves the Court for an order approving a proposed distribution plan for the Fair Fund ("Distribution Plan"). (Dkts. 22, 27.) The Court held an initial hearing on the Motion and determined that notice of the Motion had not yet been distributed to potential interested parties. As such, on August 2, 2021, the Court entered an order directing the Commission to publish the Distribution Plan, the Motion, and the order on the website hosted by the Distribution Agent, www.WellCareFairFund.com, and the Commission's Harmed Investor Page ("Publication Order"). (Dkt. 28.) Interested parties were provided sixty (60) days to submit comments on the Distribution Plan. (*Id.*) The Court did not receive any

comments from interested parties. The Court held a second hearing on the Motion on October 28, 2021 to discuss the substance of the Distribution Plan. Wellcare did not respond to the Motion, submit a comment, or appear at any hearings before the Court regarding the Motion.

## APPLICABLE STANDARDS

Pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010, where the Commission obtains a civil penalty for a violation of securities law, the amount of the civil penalty "shall, on the motion or at the direction of the Commission, be added to and become part of a disgorgement fund . . . to benefit the victims of such violation." 15 U.S.C. § 7246(a). The Commission, as the agency tasked by statute with enforcing the nation's securities laws, may then design a plan to distribute the funds to the harmed investors. *Off. Comm. of Unsecured Creditors of WorldCom, Inc. v. Sec. & Exch. Comm'n*, 467 F.3d 73, 82 (2d Cir. 2006) ("*WorldCom*").

The district court reviews the Commission's proposed distribution plan pursuant to its general equitable powers. *Id.* at 85 ("Upon a showing of a violation of the securities laws, the district court is authorized to implement the required remedy."); *see* 15 U.S.C. § 78aa. The court must determine only whether the plan is "fair and reasonable." *WorldCom*, 467 F.3d at 82; *Sec. & Exch. Comm'n v. Wang*, 944 F.2d 80, 85 (2d Cir. 1991) ("[O]nce the district court satisfies itself that the distribution of proceeds in a proposed SEC disgorgement plan is fair and reasonable, its review is

at an end."); *Sec. & Exch. Comm'n v. J.P. Morgan Sec. LLC*, 266 F. Supp. 3d 225, 229 (D.D.C. 2017). Approval of a proposed distribution plan is a matter soundly within the district court's discretion. *S.E.C. v. Wang*, 944 F.2d at 85; *cf. Kokesh v. Sec. & Exch. Comm'n*, 137 S. Ct. 1635, 1644 (2017).

## ANALYSIS

Following the Publication Order (Dkt. 28), the undersigned finds that potentially interested parties were provided adequate notice of the Distribution Plan and the Motion, as well as ample time to submit comments for the Court's consideration. The Court did not receive any comments or objections to the Distribution Plan. As such, the Court reviews the plan to ensure it is fair and reasonable. *Wang*, 944 F.2d at 85. Upon review, it is evident that the Distribution Plan sets forth a fair and reasonable distribution to harmed investors.

The Distribution Plan includes a comprehensive system to identify and notify potential claimants of the Fair Fund. Specifically, the Distribution Plan provides that the Distribution Agent shall, within forty-five days of an order approving the Distribution Plan, create a mailing and claim database of potential claimants, design and submit a claims packet for review and approval by the Commission, mail the claims packet to potential claimants, establish and maintain a toll-free contact number, establish and maintain a mailing address and email address for potential claimants to correspond with the Distribution Agent, and develop a website devoted solely to the Fair Fund. (Dkt. 27 at 11–12.) Further, the Distribution Plan includes numerous

detailed steps to ensure the maximum potential claimants are identified and notified. (*Id.* at 12–14.)

Additionally, the Distribution Plan sets forth the parameters of a claims filing process. (*Id.* at 14–20.) The Distribution Plan provides a time frame for filing claims, the requirements for a potential claimant to file a claim, an electronic filing option, a third-party filing process, and a receipt acknowledgment procedure. (*Id.*) Further, the Distribution Plan identifies the manner in which this information will be conspicuously provided to potential claimants. (*Id.*)

Moreover, the Distribution Plan sets forth a fair and reasonable distribution of the funds among the eligible claimants. The sum payable to an eligible claimant shall be determined in accordance with the Plan of Allocation. (*Id.* at 22.) The Plan of Allocation provides that each eligible claimant will be compensated based upon their loss of WellCare common stock purchased during a particular period. (*Id.* at 32–34.) Additionally, the Plan of Allocation defines specific criteria to determine the recognized loss per share for each potential claimant. (*Id.*) The recognized loss is defined by the decline in closing price of WellCare stock as a result of the unlawful conduct. (*Id.*) Although the criteria may exclude some potential claimants from eligibility to receive funds under the Distribution Plan, the Commission "may engage in the kind of line-drawing that inevitably leaves out some potential claimants." *SEC v. J.P. Morgan*, 266 F. Supp. 3d at 229 (punctuation omitted) (citing *WorldCom*, 467 F.3d at 83.) Indeed, a distribution plan may be fair and reasonable even though some

investors may not recoup their entire investment.  *See SEC v. J.P. Morgan*, 266 F. Supp. 3d at 230.  Thus, the undersigned finds that the Distribution Plan sets forth a fair and reasonable plan to notify potential claimants, receive claims, identify eligible claimants, and determine each eligible claimant's share of the Fair Fund.

Finally, the undersigned also finds that the Distribution Plan includes safeguards to limit unnecessary costs and expresses.  (Dkt. 27 at 27–30.)  Any professional fees, costs, and expenses of the administrators of the Fair Fund, including the Distribution Agent, are "subject to the review and approval of the Court."  (*Id.* at 27.)  Additionally, the Commission will file a quarterly status report, provided by the Distribution Agent, which will detail all activity of the Fair Fund during the relevant reporting period and include any sums expended from the Fair Fund for fees, costs, taxes, or other expenses.  (*Id.* at 28.)  The Commission will also file a final report and final accounting with the Court.  (*Id.* at 29.)

## CONCLUSION

Based upon the foregoing, the undersigned finds that the Distribution Plan is a fair and reasonable distribution of the Fair Fund. *See Sec. & Exch. Comm'n v. K.W. Brown & Co.*, No. 9:05-cv-80367, 2010 WL 11506361, at *2 (S.D. Fla. Mar. 3, 2010). Accordingly, it is **RECOMMENDED** that Commission's Motion for an Order Approving a Distribution Plan for the Fair Fund (Dkt. 22) be **GRANTED** and the Court approve the Distribution Plan (Dkt. 27) in its entirety.

**IT IS SO REPORTED** in Tampa, Florida, on November 23, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Virginia M. Hernandez Covington
Counsel of Record